PER CURIAM.
Appellant-defendant, James E. Steffler, appeals an order revoking probation entered by the Circuit Court for Broward County, Florida. We reverse.
On January 31, 1972 an information was filed in the Court of Record for Broward County, Florida, charging appellant-defendant, James E. Steffler, on October 22, 1972 with delivery of marijuana. At arraignment the defendant entered a plea of not guilty. Subsequent thereto, defendant entered a plea of nolo contendere to the offense of possession of marijuana[1] and on July 27, 1972 the trial judge of the Court of Record for Broward County entered an order withholding adjudication of guilt and placed the defendant on probation for a period of three years for possession of marijuana.
On May 14, 1974 an affidavit was filed in the Circuit Court for Broward County alleging that the defendant had violated various conditions of his probation. The defendant moved to quash the affidavit on the grounds that the circuit court lacked *225 jurisdiction over the subject matter of the case. The circuit court denied the motion. A probation revocation hearing was held and at the conclusion of the hearing, the circuit court entered an order revoking defendant’s probation. The defendant was then adjudged guilty of the offense of possession of marijuana and sentenced to a term of years in the state prison. It is from the order revoking probation that defendant appeals.
The question presented for our determination in this appeal is whether the circuit court had jurisdiction to revoke defendant’s probation.
Article V of the Florida Constitution, which became effective on January 1, 1973 abolished the Court of Record for Broward County, Florida, which had jurisdiction over all non-capital and misdemeanor cases. Jurisdiction to enforce all prior orders and judgments of the Court of Record for Broward County vested in the court that would have jurisdiction of the case had the case been instituted after January 1, 1973. Art. V, § 20(d)(1), Florida Constitution 1973. County courts at present and all times since January 1, 1973 have been vested with jurisdiction over misdemeanor cases, with jurisdiction of felony cases vesting in the circuit courts.
In the instant case, the information filed on January 31, 1972 in the Court of Record for Broward County charging the defendant with delivery of marijuana contained no allegation tnat the defendant had been previously convicted of violation of the drug abuse law or that the delivery was for a consideration, or that the amount of marijuana delivered exceeded five grams. Therefore, the information filed in the Court of Record for Broward County only charged the defendant with a misdemeanor.
Prior to the filing of the affidavit alleging that defendant violated various conditions of his probation, the Court of Record for Broward County ceased to exist. Art. V, § 20(d)(1), Florida Constitution 1973. Jurisdiction then over the prior order entered by the former Court of Record which withheld adjudication of guilt and placed the defendant on probation vested in the County Court for Broward County, Florida, the court that would have had jurisdiction over the cause had it been instituted after January 1, 1973, i. e., the court having misdemeanor jurisdiction. Therefore, the county court, not the circuit court, had jurisdiction to revoke defendant’s probation.
Accordingly, the order revoking defendant’s probation and the judgment and sentence entered by the Circuit Court for Bro-ward County are vacated and set aside, and the cause remanded with directions to transfer the case to the County Court for Broward County for proceedings on the affidavit alleging a violation of probation.
Reversed and remanded, with directions.
CROSS, MAGER and DOWNEY, JJ., concur.

. The record does not reflect whether the entry of the idea of nolo contendere was the result of plea bargaining.